IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: STEPHEN S. MEREDITH,

Debtor.

NADINE BLACKFORD, <u>et al.</u>,

Appellants,                    Civil Action Number 3:05CV332-JRS

v.

STEPHEN S. MEREDITH,

Appellee.

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Appellants' appeal of the Bankruptcy Court's Memorandum Opinion and Order entered March 9, 2005 granting debtor/appellee relief from the automatic stay. The appellants are Nadine Blackford ("Blackford") and Bruce E. Robinson, Trustee for the Bankruptcy Estate of Stephen S. Meredith ("trustee"). The appellants present two issue on appeal: (1) whether the bankruptcy court erred in interpreting 11 U.S.C. § 108(c) as a matter of law; and (2) whether § 108(c) may be used by Chapter 7 debtors to extend the deadline for filing an appeal of a state court action which expired post-petition. Appellee Stephen Meredith insists that the sole issue is whether the bankruptcy court abused its discretion in granting, pursuant to a motion under 11 U.S.C. § 362(d), a modification of the automatic stay.

Debtor, Stephen Meredith, sought relief from the automatic stay to appeal the underlying

1

state court judgment that precipitated his filing under Chapter 13 of the Bankruptcy Code.[1]  When Meredith filed for bankruptcy protection, the time for filing a notice of appeal of the state court judgment had not yet expired.  Following conversion of his bankruptcy petition from Chapter 13 to Chapter 7, Meredith sought relief from the automatic stay to appeal the state court judgment against him.  Judge Tice granted Meredith's motion to modify the stay and this appeal followed.

The parties have not requested oral argument on these issues.  "Oral argument shall be allowed in all cases unless the district judge . . . determine[s] after examination of the briefs and record . . . that oral argument is not needed."  Bankr. R. 8012.  Oral argument is not necessary in this case because "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument."  Bankr. R. 8012.

### i. Standard of Review

The parties have suggested different standards of review because they focused on different aspects of Judge Tice's decision.  Appellants contend that the bankruptcy court incorrectly interpreted § 108 as a matter of law.  Such legal questions are reviewed de novo on appeal.  See Butler v. David Shaw, Inc., 72 F.3d 437, 441 (4th Cir. 1996) ("we exercise plenary review of the bankruptcy court's legal conclusions").  Appellee insists that the Court must confine its review to whether the bankruptcy court abused its discretion when it granted relief from the automatic stay. Neither party discusses whether this is a core bankruptcy decision.[2]  While a decision to grant relief

---

[1]For a discussion of the prior proceedings in this case, see the Court's Memorandum Opinion entered in the matter of Stephen S. Meredith v. Nadine Blackford, et al., Civil Action No. 3:04CV494 (Oct. 18, 2004).

[2]Under the Bankruptcy Code, the standard of review on appeals depends on the nature of the proceedings before the Court.  Core decisions dependent on the Bankruptcy Code are reviewed under a clear error standard for findings of fact and a de novo standard for conclusions

from the automatic stay is in the bankruptcy court's discretion, Appellants do not question whether

appellee is entitled to relief from the automatic stay under 11 U.S.C. § 362(d).  Rather, this appeal

focuses on whether a debtor is entitled to an extension of time under § 108(c) which presents a legal

question subject to de novo review by the district court.

## ii. Applicable Statutory Provisions

The Bankruptcy Code provides that

> if applicable nonbankruptcy law, an order entered in a nonbankruptcy
> proceeding, or an agreement fixes a period for commencing or
> continuing a civil action in a court other than a bankruptcy court on
> a claim against the debtor, or against an individual with respect to
> which such individual is protected under section 1201 or 1301 of this
> title . . . and such period has not expired before the date of the filing
> of the petition, then such period does not expire until the later of - -
>
> (1) the end of such period, including any suspension of such period
> occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay
> under section 362 . . . of this title . . . with respect to such claim.

11 U.S.C. § 108(c).  In this case, the Rules of the Supreme Court of Virginia provide the applicable

non-bankruptcy law.  On December 18, 2002, Nadine Blackford received a jury award in the Circuit

Court of Henrico County against Meredith and his company, Stephen S. Meredith, CPA, P.C., for

$250,000.  The court reduced the award to $200,000 on April 4, 2003.  Debtor filed his Chapter 13

case on April 22, 2003 rather than seeking to appeal the judgment or stay its enforcement pending

appeal.

Pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia, the state court judgment

---

of law.  With non-core matters, the bankruptcy court is limited to proposing findings and
conclusions of law which this Court reviews de novo.  See 28 U.S.C. § 157(c)(1); C.F. Trust, Inc.
V. Tyler (In re Peterson).

3

became final on April 4, 2003.  In order to appeal the final judgment, counsel for the appellant must file a notice of appeal with the clerk of the trial court within 30 days after the entry of final judgment. Supreme Ct. of Va. Rule 5:9.  Meredith declared bankruptcy prior to the expiration of the time period for filing a notice of appeal.

The bankruptcy declaration triggered the automatic stay provision of the Bankruptcy Code. A petition in bankruptcy "operates as a stay, applicable to all entities, of (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy case.  11 U.S.C. § 362(a)(1).  In addition, the bankruptcy filing stayed "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case" in bankruptcy. 11 U.S.C. § 362(a)(2).

Blackford and the Trustee argue that the time extensions under § 108(c) do not apply to debtors.  Otherwise, a debtor, as is the case with Meredith, could avoid the enforcement of a judgment by declaring bankruptcy and taking shelter behind the automatic stay only to wait, in this case eighteen months, and later seek relief from the automatic stay under 11 U.S.C. § 362(d) to pursue the stalled appeal.

### iii. Bankruptcy Court Decision

Before the Bankruptcy Court, the trustee made several objections to the motion to modify the stay.  The trustee argued that filing the notice of appeal in a state court action is not a commencement or continuation of a proceeding against the debtor as described in 11 U.S.C. § 362(a)(1).  Second, the trustee declared that a debtor does not have standing to claim the benefits of the time extensions provided in 11 U.S.C. § 108.  Judge Tice succinctly summarized the issue as

4

follows: "[t]his case raises the question of the effect of the automatic stay and its tolling effect on the appeal period of a pre-bankruptcy lawsuit in which the debtor originally was the defendant." In re: Stephen S. Meredith, Case No. 03-34018-DOT (Bankr. E.D. Va. March 9, 2005).

Judge Tice applied the principles of the Eighth Circuit's decision in In re Hoffinger Industries, Inc., 329 F.3d 948 (8th Cir. 2003) (involving a Chapter 11 debtor in possession), to the circumstances of Meredith's motion. In Hoffinger, a creditor obtained a $13,000,000 judgment against the debtor in a products liability action. During the appeal period, and before its expiration, Hoffinger filed for bankruptcy under chapter 11 and the automatic stay went into effect pursuant to § 362.

The Eighth Circuit initially declared that an appeal by a debtor who was the original defendant in the state case is a "continuation" of a judicial proceeding "against the debtor that was or could have been commenced" prior to the bankruptcy proceeding. See 11 U.S.C. § 362(a)(1). Therefore, the Court declared § 108(c) applicable to the debtor and an "obvious fit" to the automatic stay provisions. Hoffinger, 329 F.3d at 952. Additionally, the Eighth Circuit rejected the creditor's contention that § 108(c) applied exclusively to creditors. While acknowledging that creditors will typically seek to take advantage of § 108(c) and that the legislative history describes § 108(c) as "extending the statute of limitations for creditors," see S. Rep. No. 95-989, at 30 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5816, the Court rejected the argument "that application of the subsection turns on who seeks the extension" because "[n]one of our cases involving § 108(c) has turned on who was seeking relief" and such a distinction "would be impractical and unworkable." Hoffinger, 329 F.3d at 954.

Judge Tice concluded that "[t]he relief of § 108(c) does not turn upon the party seeking the

relief but rather upon the relief sought and the circumstances under which it is sought." Judge Tice described how the two statutes would work in this case: the originally action in the Henrico County Court would be stayed by § 362(a); the appeal period under Rule 5:9 of the Rules of the Supreme Court of Virginia gave Meredith 30 days to notice his appeal; the time to appeal the judgment had not expired before the bankruptcy filing and § 108(c) provides that the appeal period will not expire until 30 days after notice that the automatic stay has expired.

The Bankruptcy Court next turned to the issue of whether to relieve the debtor from the restrictions of the automatic stay. Under Code § 362(d), the court may grant relief from the stay "for cause, including the lack of adequate protection in property." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "for cause," leaving the court to make the determination particular to each case. See In re Robinson, 169 B.R. 356, 359 (E.D. Va. 1994). In Robinson, this Court found that, within the Fourth Circuit, the determination of cause to lift the automatic stay "may be overturned on appeal only for an abuse of discretion." Id. (citing Robbins v. Robbins, 964 F.2d 342 (4th Cir. 1992)). In assessing cause, the court "must balance potential prejudice to the bankruptcy debtor's estate against the hardship that will be incurred by the person seeking relief from the automatic stay if relief is denied." In re Robbins, 964 F.2d 342, 245 (4th Cir. 1992).

Judge Tice found Meredith's situation unusual because the debtor sought relief from the stay which he created by filing for bankruptcy. However, an appeal of the state court judgment is the only remedy available if Meredith wishes to contest the state court judgment because the Rooker-Feldman doctrine prevents a lower federal court from sitting in review of state court decisions.[3] The

---

[3] "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th

Bankruptcy Court considered the possibility that Meredith, as has been his practice, is acting to delay resolution of his bankruptcy. Indeed, Judge Tice noted Meredith's decision to appeal his state court judgment came after this Court affirmed the bankruptcy court's decision to convert Meredith's petition from chapter 13 to chapter 7 and after the bankruptcy court scheduled a trial on the complaint seeking to except the state court judgment from discharge.

However, Blackford's judgment remains less than secure because she does not hold a final judgment. The time period for perfecting an appeal remains open and stayed by the bankruptcy petition. Judge Tice also raised the possibility that an appeal of Blackford's judgment could impact the two discharge adversary proceedings pending in the bankruptcy court. In any event, the possibility remains that if the court denied relief from the stay and proceeded with the bankruptcy proceedings, debtor could pursue the state court appeal when the automatic stay terminated pursuant to § 362(c)(2) upon discharge, dismissal or closure of the bankruptcy case. Therefore, Judge Tice found cause to grant Meredith relief from the automatic stay to appeal the Henrico County Court's order of April 4, 2003.[4]

### iv. Appellants' Assertion of Error

Appellants do not appear to challenge the Bankruptcy Court's conclusion that Meredith can seek relief from the automatic stay. Rather, appellants assert that the bankruptcy court erred in concluding, as a matter of law, that § 108(c) tolls the time in which a chapter 7 debtor must perfect the appeal of his state court judgment. Appellants insist that the court improperly relied on the

---

Cir. 2005).

[4]In a subsequent Motion to Amend the Judgment filed by the Trustee and Blackford, granted Blackford relief from the automatic stay to take the necessary actions in the Circuit Court for Henrico County in defense of her position.

holding in <u>Hoffinger</u> and argue that the benefits of § 108(c) belong exclusively to creditors.

According to appellants, "[s]ection 108(c) explicitly states that it tolls the nonbankruptcy period for commencing or continuing civil actions on 'claims against the debtor.'" Appellants claim that when Congress enacted the Bankruptcy Code of 1978, it clearly stated that § 108(c) applied to creditors. Appellants cited the Senate Report accompanying the section:

> Subsection (c) extends the statute of limitations for **creditors**. Thus, if a **creditor** is stayed from commencing or continuing an action against the debtor because of the bankruptcy case, the **creditor** is permitted an additional 30 days after notice of the event by which the stay is terminated.

S. Rep. 95-989, at 30 (1978), <u>reprinted in</u> U.S.C.C.A.N. 5787, 5816 (emphasis added by appellants). Appellants argue that § 108(c) protects creditors because they are involuntarily brought into the bankruptcy proceeding. Appellants insist that extending § 108(c) to cover debtors will allow debtors to deprive their creditors of the timely adjudication of their non-bankruptcy rights.

Appellants urge the Court to reject the bankruptcy court's application of principles from the <u>Hoffinger</u> decision. Appellants argue that <u>Hoffinger</u>'s holding is inapplicable to Meredith's situation because it involved a chapter 11 debtor-in-possession rather than a debtor. Appellants claim that the distinction is important because extending the time periods for debtors in possession can result in a benefit to the estate whereas Meredith is seeking to benefit himself at the expense of his creditors.

<u>v. Appellee's Response</u>

Meredith initially asserts that this Court lacks jurisdiction to hear this appeal because appellants did not file a motion for leave to appeal an interlocutory order when it filed the notice of appeal. Appellants insist that the Fourth Circuit, along with every other circuit court to consider the issue, has held that rulings on motions for relief from the automatic stay are final and appealable.

Appellants characterization of the holding of these cases assumes too much.  While the Fourth Circuit has repeatedly held that "an order denying relief from the automatic stay is a final appealable order," Grundy Nat'l Bank v. Tandem Mining Corp., 754 F.2d 1436, 1439 (4th Cir. 1985), the Fourth Circuit has yet to consider whether a decision to lift the automatic stay is a final judgment. See National Am. Ins. Co. v. Ruppert Landscape Co., 122 F. Supp. 2d 670, 678 (E.D. Va. 2000) (noting no published opinion by the Fourth Circuit regarding the finality of a decision to lift the automatic stay).

In any event, the Fifth and Second Circuits have held that "[a]n order lifting the automatic stay is final and appealable." Pegasus Agency v. Grammatikakis, 101 F.3d 882, 885 (2d Cir. 1996) (citing In re Chateaugay Corp., 880 F.2d 1509, 1511 (2d Cir. 1989)).  While the exact issue lacks published support in the Fourth Circuit, there is no logical reason why a decision to deny relief from the automatic stay would be final and appealable while a decision granting such a motion would require that the appellant seek leave to appeal.

As to the main issue, Meredith declares that the bankruptcy court did not abuse its discretion by modifying the automatic stay for cause.  According to Meredith, appellants complain about the effect given to § 108(c) which resulted in the court's grant of the motion to modify.  Meredith's argument correctly indicates that the application of § 108(c) to a debtor depends on the court's decision to relieve a party from the automatic stay.  Accordingly, Meredith notes that the language of § 362(a), the automatic stay provision, makes itself "applicable to all entities."

Meredith urges the Court to focus on the plain language of § 108(c), which, according to

Meredith, "neither expressly excludes debtors, nor expressly includes creditors."[5]  Indeed, the language of § 108(c) is party-neutral and simply provides an extension of time "for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor."  11 U.S.C. § 108(c).  Additionally, while Meredith insists that the statute is plain on its face and does not require consideration of outside sources, the Senate Report relied on by appellants does not expressly limit § 108(c) to relief sought by creditors.

Meredith submits that § 108(c) specifically references termination of a stay under § 362 as the event triggering the 30 day extension.  Appellants do not challenge Meredith's standing to request relief under the automatic stay provision, therefore, Meredith declares that interpreting § 108(c) to apply to all parties effected by the automatic stay is the proper result.

vi. Discussion

Very few cases have been called on to apply § 108(c) and only one circuit court, the Eighth Circuit in Hoffinger, considered whether a debtor may rely on the extension of time permitted by the section.  In In re Capgro Leasing Associates, the debtor filed for bankruptcy protection after an unfavorable state court decision but prior to taking an appeal.  169 B.R. 305, 311 (Bankr. E.D.N.Y. 1994).  The Bankruptcy Court initially found that "[w]here the action was initiated against the debtor, no party to the action may appeal absent relief from the automatic stay.  Because no entity, including a debtor, may limit or waive the stay, nor appeal during the stay's pendency, the only option is to obtain relief from the stay" from the bankruptcy judge.  Id. at 311.  In Capgro Leasing, the debtor attempted to appeal the state court judgment after the automatic stay took effect.

---

[5]Appellants insist that the fact that the statute does not state whether § 108(c) applies to creditors, debtors or trustees indicates that the statute is ambiguous.

The Bankruptcy Court found the attempt to appeal of the order void but appeared to agree with the debtor that "an appeal would be meritorious" because it would prevent the bankruptcy court from "being rendered an appellate court for the state court proceedings." Id. at 317.  The bankruptcy court noted that a victory by the creditor on appeal would "eliminate Debtor's objection to the claim, whereas a victory by Debtor would eliminate the dispute as well as benefit the estate." Id.  Finally, the court cited § 108(c)(2) when it stated that "[s]ince it is presently as if Debtor never pursued an appeal, and the automatic stay has not been modified, the time within which Debtor may appeal the Judgment has been tolled by statute and has not expired." Id.  The bankruptcy court then directed the debtor to file a motion for relief from the stay if it desired leave to appeal.

Allowing a debtor an extension of time under § 108(c) is a necessary consequence of permitting a debtor relief from the automatic stay.  The bankruptcy court in Hoffinger Industries, noted that "[e]ven though the automatic stay does not, by its specific provisions, apply to acts by the Debtor, a substantial body of case law has developed to the effect that the automatic stay applies to a continuation of an appeal by the debtor in litigation filed pre-petition against the debtor." In re Hoffinger Indus., 273 B.R. 777, 779 (Bankr. E.D. Ark. 2002).  The court cited decisions by seven of the circuit courts; the Fourth Circuit was not among the authorities cited and has not issued a published opinion answering this question.  Id. at 780; contra Carley Capital Group v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C. Cir. 1989) (stating that 11 U.S.C. § 362 "by its terms only stays proceedings against the debtor," and "does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate") (citations omitted).

Obviously, it may be a rare case in which the debtor seeks relief from the automatic stay but the instant case presents a situation where such a request is entirely appropriate.  Denying relief to

11

Meredith would not serve the interests of either party and appellants certainly have an interest in obtaining a final judgment before expending any more resources in bankruptcy litigation. The alternative course of action is to deny Meredith relief from the automatic stay and continue the bankruptcy proceedings in which case the bankruptcy court will issue its opinion regarding Blackford's complaint seeking to except the state judgment from the debtor's discharge. Although it seems unlikely, at some point this bankruptcy proceeding will end or the stay will terminate and Meredith could appeal the state court judgment. Even if Blackford obtained a favorable result in excepting her judgment from discharge in the Bankruptcy Court, Blackford does not hold a final judgment.

Therefore, Appellants' appeal will be dismissed and the Bankruptcy Court's decision will be affirmed. Nothing in the statutory language convinces the Court that a debtor cannot rely on § 108(c) to extend the time for filing an appeal by 30 days in this situation.

An appropriate Order shall issue.

ENTERED this  19th  day of AUGUST, 2005

 /s/ James R. Spencer
_____

JAMES R. SPENCER
UNITED STATES DISTRICT JUDGE

12